ROBERT J. FOLONIE, for appellant.

LEONARD L. COWAN and DANIEL V. GALLERY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

COURTS, § 96*—*jurisdiction of County Court.* The county court has no jurisdiction of an action charging defendants with negligence in the practice of dentistry where the declaration and each count thereof are in tort and not in contract.

---

### Joseph T. Mellon, Appellant, v. Albert E. Hagen, Appellee.

### Gen. No. 19,795.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed July 14, 1914.

### Statement of the Case.

Bill by Joseph T. Mellon against Albert E. Hagen to rescind a contract of purchase of a one-half interest in a saloon business for fraud, and to dissolve a partnership between the complainant and defendant, and for an accounting, and to set aside a certain note and mortgage given by the complainant to the defendant in part payment for the one-half interest in said business. A general and special demurrer was sustained to the original bill and to four amended bills thereafter filed by leave of court. The demurrer was

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

ordered to stand to the fourth amended bill which was dismissed for want of equity. From the order dismissing the bill for want of equity, defendant appeals.

RIEGER & RIEGER, for appellant; GEORGE H. SUGRUE, of counsel.

ALFRED E. BARR, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 96*—*when bill to rescind for false representations sufficient.* A bill to rescind a contract of purchase of a one-half interest in a saloon business and for other relief on the ground that the seller made false and fraudulent representations concerning the income of the business, *held* to state grounds sufficient to entitle complainant to equitable relief.

2. COSTS, § 73*—*when costs of additional abstract of record taxed against appellee.* On appeal from a decree dismissing an amended bill for want of equity, where an additional abstract of record consisting of forty-nine pages sets up the original bill and the several amendments thereto and the special demurrers to such bill and the several amendments, which are wholly unnecessary for a consideration of the case, the cost of such abstract will be taxed against appellee.

---

### Joseph Elia, Defendant in Error, v. Frank Bavuso et al. (Defendants), Vincenzo Guglielmo, Plaintiff in Error.

### Gen. No. 19,731.

1. PROCESS, § 8*—*sufficiency of summons in suit on penal bond.* In an action of debt on a penal bond the summons should state the debt demanded.